UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS TILLMAN,
(#249078),

      Plaintiff,

v.

PETER WATSON, *et al.*,

      Defendant.
_____/

Case No. 2:24-cv-12152
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 24)

### A. Instant Motion

Currently, before the Court is Plaintiff's January 24th, 2025, motion for appointment of counsel. (ECF No. 24.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings. Plaintiff's motion asserts counsel should be appointed for the following reasons:

    a.) Plaintiff is unable to afford counsel.

    b.) Plaintiff has a limited knowledge of the law.

1

    c.) The issues involved in this case are complex.

    d.) This case will rest in large part on expert medical witnesses and will take extensive discovery; [sic] (This case is almost a year old and NO discovery are giving [sic] at this time.) [sic] also witness gathering, and inmate Plaintiff will not be able to do so.

    e.) Appointment of counsel will assist Plaintiff and the Court jointly by prosecuting the matter in an expedite [sic] and orderly manner that will allow the Court to handle this case smoothly without the burden of bringing a layman along.

    f.) Due to Bankruptcy being attached to the case.

(quoting *id.*, PageID.224.)

## B. Recruitment of Counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead, it gave district courts discretion to ask lawyers to volunteer their services in some

cases.") The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotations and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 792 (6th Cir. 2005); *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*,

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prison rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

3

332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the Motion to Appoint Counsel.

    **C. Analysis**

        **1. Probable merit of the claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims. Indeed, Plaintiff is still attempting to reshape his pleadings and add parties (ECF Nos. 23 & 31), and the case has been subject to a bankruptcy stay relating to Wellpath and its employees, which Defendant Watson has been attempting to extend. (ECF Nos. 15, 21 & 26.) Due to the limited number of *pro bono* counsel who are willing and available, and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice.

Moreover, the viability of the pleadings are still being tested, as Defendant Peter Watson has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and alternatively a motion for summary judgment on November 12, 2024, based on the failure of Plaintiff to exhaust his administrative remedies. (ECF No. 14). The Court has not yet ruled on that motion. Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature. If this case should proceed to trial, the Court can revisit whether to recruit counsel.

### 2. Nature of the case and complexity of the issues

Plaintiff's legal claims are based on Eighth Amendment deliberate indifference to his medical needs. He alleges that, starting in January 2022, defendants repeatedly denied him adequate medical treatment following an MRI of his shoulder and an x-ray on his knee. (ECF No. 1, PageID.5-12.)

Plaintiff states that this case involves complex issues; but the legal and factual questions are not overly complex or uncommon, as courts regularly address 42 U.S.C. § 1983 claims in prisoner and arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that plaintiff's Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex). It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants.

Additionally, Plaintiff asserts that appointment of counsel is necessary due to bankruptcy being attached to the case. This does not present an exceptional circumstance which would warrant this Court's recruitment of counsel. Non-lawyers frequently make claims against bankruptcy estates or file objections to bankruptcy plans.

### 3. Ability of Plaintiff to represent himself and indigency

Plaintiff states several additional reasons in support of his motion for appointment of counsel. He contends that he is unable to afford counsel. He asserts that he has limited knowledge of the law and that the case will rely heavily on expert medical testimony and require extensive discovery and witness gathering. He asserts that as an inmate, he will not be able to complete these tasks.

Nonetheless, in addition to the instant motion (ECF No. 24), the Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No.1); (b) his application to proceed without prepaying fees or costs (ECF No. 2), which the court granted (ECF No. 5); (c) his request for exclusion from early mediation program (ECF No. 13), which the Court denied as moot (11/14/2024 Text-Only Order); (d) his response to motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and alternatively motion for summary judgment based on the failure of Plaintiff to exhaust his administrative remedies (ECF No. 20); (e) his motion and notice of hearing to request substitution and/or addition of parties (ECF No. 23); (f) his response to emergency motion to stay discovery (ECF No. 25); and, (g) his motion for leave to file amended complaint (ECF No. 31). The Court finds that Plaintiff has already illustrated his ability to properly, clearly and quite thoroughly communicate with the Court within the instant action, even in the instant motion. Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor

incapable of adhering to the Court's rules and procedures or of representing himself.

While the Court recognizes the difficulty of pursuing litigation while indigent, incarcerated, and with limited knowledge of the law, it is not enough to justify the appointment (or recruitment) of counsel here. There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett,* 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance." Also, the fact that Plaintiff has only limited knowledge of the law is not unusual for someone proceeding *in pro per*, and this circumstance likewise does not make the case exceptional.

As to Plaintiff's contention that he requires counsel for "witness gathering," in the Court's experience, many prisoners have been able to assemble witness affidavits or, more easily, declarations under 28 U.S.C. § 1746 (a statute well worth reviewing if Plaintiff does not have access to a notary who can administer oaths), and prisoners and other *pro se* litigants have even been known to take depositions, all of the discovery tools found in Fed. R. Civ. P. 26-36 being

available to them.  Nonetheless, the Court does recognize that these activities are more difficult for lay people and for those who are incarcerated.  Even so, difficulties in conducting discovery exist in most prisoner civil rights cases and do not constitute an exceptional circumstance justifying appointment of counsel. *Whorton v. Deangelo*, No. 21-11046, 2022 U.S. Dist. LEXIS 110548, at *4 (E.D. Mich. June 22, 2022) (citing *Lafountain v. Martin*, 2009 U.S. Dist. LEXIS 92369, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009)).

Additionally, Plaintiff asserts that the appointment of counsel will assist both the Plaintiff and the Court.  The Court sincerely wishes that it were possible to simply appoint counsel in *pro se* cases, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys.  This is especially true where, as Plaintiff asserts, the "case will rest in large part on expert medical witnesses" (ECF No. 24, PageID.224), an expensive proposition that many attorneys are loathe to bankroll.  Moreover, ultimately, "[p]ayment of litigation expenses is the prisoner's responsibility." *In re Prison Litig. Reform Act*, 105 F.3d

1131, 1132 (6th Cir. 1997). A prisoner must bear his own costs of discovery. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) ("there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions."). *See also Jones v. Ahmed*, No. 19-3393, 2020 WL 2062280, at *3 (6th Cir. Feb. 10, 2020) ("pro se litigants do not have the right to have an expert witness appointed at the government's expense.") (citing *Johnson v. Hubbard*, 698 F.2d at 289, *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)).

Here, Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case. Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage would be premature.

**D. Order**

Accordingly, Plaintiff's January 24, 2025, motion for the appointment of counsel (ECF No. 24.) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[2]

Dated: July 7, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).