UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DEWAYNE TILLMAN,                      Case No. 24-12152

     Plaintiff,                                F. Kay Behm
v.                                           United States District Judge

PETER WATSON, *et al.*,

     Defendants.
_____ /

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (ECF No. 14) and**
**DENYING MOTION FOR SUBSTITUTION WITHOUT PREJUDICE (ECF No. 23)**

## I.  PROCEDURAL HISTORY

Plaintiff, Marcus DeWayne Tillman, a prisoner in the custody of the

Michigan Department of Corrections (MDOC) filed this pro se prisoner civil rights

case against several Defendants, including Nurse Practitioner Peter Watson.  (ECF

No. 1).  Tillman alleges that Defendants were deliberately indifferent to his

serious medical needs and thus violated his Eighth Amendment rights.  *Id*.

Defendant Watson filed a motion to dismiss the complaint against him under Rule

12(b)(6) and in the alternative for summary judgment based on Tillman's failure

to exhaust his administrative remedies.  (ECF No. 14).  Tillman filed a response

(ECF No. 20) and Watson filed a reply (ECF No. 36).  Tillman filed a motion to

substitute and add parties, which is also fully briefed.  (ECF Nos. 23, 27).  These matters are now ready for decision.

For the reasons set forth below, the court **GRANTS** Watson's motion for summary judgment based on Tillman's failure to exhaust his administrative remedies.  Based on this conclusion, the court need not decide the merits of the Rule 12(b)(6) motion.  The complaint against Watson is therefore, **DISMISSED** without prejudice.  The court **DENIES** the motion to substitute/add parties without prejudice.

## II.   FACTUAL BACKGROUND

Tillman asserts claims for deliberate indifference under the Eighth Amendment and 42 U.S.C. § 1983.  More specifically, Tillman claims that Watson failed to provide treatment for his knee pain and failed to provide treatment for his shoulder.  Watson has identified three grievances that were filed through the MDOC three-step grievance process and which will be considered in examining the question of whether Tillman exhausted his administrative remedies, as discussed in more detail below.

## III.   MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION

A.   <u>Standard of Review</u>

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the

3

party opposing a motion for summary judgment must make an affirmative

showing with proper evidence and must "designate specific facts in affidavits,

depositions, or other factual material showing 'evidence on which the jury could

reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir.

2004).  To fulfill this burden, the non-moving party need only demonstrate the

minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S.

at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

However, mere allegations or denials in the non-movant's pleadings will not

satisfy this burden, nor will a mere scintilla of evidence supporting the non-

moving party.  *Anderson*, 477 U.S. at 248, 251.

   Tillman did not respond to Watson's arguments regarding exhaustion of

administrative remedies.  A district court cannot grant summary judgment in

favor of a movant simply because the adverse party has not responded; at a

minimum, the court is required to examine the motion to ensure that the movant

has met his initial burden.  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th

Cir. 1998).  Nevertheless, in the absence of a response, the court will not "sua

sponte comb the record from the partisan perspective of an advocate for the non-

moving party."  *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992).

"Rather, in the reasoned exercise of its judgment the court may rely on the

moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'"  *Barnes v. SRI Surgical Exp., Inc.*, 2012 WL 1059935, *3 (E.D. Tenn. 2012) (quoting *Guarino*, 980 F.2d at 410).  If such evidence supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith."  *Id.* (quoting *Guarino*, 980 F.2d at 410); s*ee also Norris v. Aryers*, 2016 WL 706238, *2 (E.D. Tenn. 2016); *Snyder v. Chrysler Group, LLC*, 2016 WL 3213388 (E.D. Mich. 2016) ("If an opposing party fails to properly address the factual assertions of the moving party, the court may 'consider the facts undisputed for the purposes of the motion' and 'grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'") (quoting Fed. R. Civ. P. 56(e)).

Because plaintiff is a *pro se* litigant, his filings are liberally construed.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (*pro se* plaintiffs enjoy the benefit of a

liberal construction of their pleadings and filings).  However, a party's status as a

*pro se* litigant does not alter the duty on a summary judgment motion to support

the party's factual assertions with admissible evidence.  *Maston v. Montgomery*

*Cnty. Jail Med. Staff Pers*., 832 F.Supp.2d 846, 851-52 (S.D. Ohio 2011) (citing

*Viergutz v. Lucent Techs.*, *Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

> B.    Legal Standard for Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly"

exhaust all "available" administrative remedies prior to filing a lawsuit challenging

prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93

(2006).  Proper exhaustion of administrative remedies "means using all steps that

the agency holds out, and doing so properly (so that the agency addresses the

issues on the merits)."  *Woodford*, 548 U.S. at 90 (emphasis in original) (internal

citations omitted).  Requiring exhaustion allows prison officials an opportunity to

resolve disputes concerning the exercise of their responsibilities before being

haled into court and produces a useful administrative record.  *Jones v. Bock*, 549

U.S. 199, 204 (2007).  The PLRA does not detail what "proper exhaustion" entails

because "it is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion."  *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), report and recommendation adopted, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-step process to review and resolve prisoner grievances.  "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the [d]ates, times, places and names of all those involved in the issue being grieved in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal citation omitted).  As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be

7

sufficient, a grievance need not "allege a specific legal theory or facts that

correspond to all the required elements of a particular legal theory." *Burton v.*

*Jones*, 321 F.3d 569, 575 (6th Cir. 2003), abrogated with respect to other

principles by *Jones v. Bock*, 549 U.S. 199 (2007).  Nonetheless, the grievance must

give "fair notice of the alleged mistreatment or misconduct that forms the basis

of the constitutional or statutory claim made against a defendant in a prisoner's

complaint." *Id*.

At Step I of the grievance process, "[t]he issues should be stated briefly but

concisely.  Information provided is to be limited to the facts involving the issue

being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and

names of all those involved in the issue being grieved are to be included."  MDOC

PD 03.02.130.  "The grievance process is exhausted once the final response is

issued in Step III." *Parker v. Turner*, 2022 WL 1787037, at *2 (E.D. Mich. June 1,

2022).

C.     Tillman Failed To Exhaust his Administrative Remedies as to Watson

In Grievance No. JCF-22-08-1782-12E1 (No. 1782), Tillman indicates that he

filed a health care request to be seen for unidentified medical conditions and he

had not been seen as yet.  (ECF No. 14-1, PageID.89).  He mentions Carmen

McIntrye and Sabrina Landfair in his grievance, but does not mention Watson, as

required by the MDOC Grievance Procedure.  He also does not mention Watson in Steps II and III.  *Id*. at PageID.87.  Further, Tillman offers no argument or evidence suggesting that this grievance could be read to exhaust his administrative remedies against Watson.  Accordingly, the court finds that No. 1782 does not exhaust Tillman's administrative remedies against Watson.  *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017) ("[A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief."); s*ee also Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying all relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").

In Grievance No. JCF 23-09-1684-12D1 (No. 1684),[1] Tillman submitted a Step I grievance against Watson claiming he failed to request an MRI for his knee and shoulder.  (ECF No. 14-1, PageID.84).  The Step I investigation revealed

---

[1] At Step III, the grievance identifier was changed to JCF-23-09-1684-28e.  (ECF No. 14-1, PageID.71).

9

Tillman was seen on September 18, 2023 to review ultrasound results.  (ECF No. 14-1, PageID.85).  An MRI was pending "ACMO" approval.  *Id.*  This grievance was denied at Step I on October 11, 2023.  *Id*.  The denial was upheld at Step II.  *Id*. at PageID.83.  On January 30, 2024, this grievance was rejected at Step III for being untimely.  *Id.* at PageID.80.  Tillman's Step III appeal was due on December 27, 2023, and received on January 8, 2024.  *Id.*  The response explained that even providing a grace period for standard mail, the grievance was still not received in a suitable time frame after the due date.  *Id*.  A grievance that is properly rejected as untimely does not exhaust the claims contained therein.  *See Bowling v. Wellpath Inc*., 2023 WL 6546665, at *7 (E.D. Mich. June 21, 2023) (citing *Lewis v. Greason*, 2023 WL 2949998, at *4 (E.D. Mich. Feb. 15, 2023)).  Additionally, Tillman offers no evidence or arguments suggesting that the grievance was improperly rejected based on untimeliness.  Accordingly, the court concludes that Grievance No. 1684 does not exhaust Tillman's administrative remedies against Watson.

In Grievance No. JCF-2024-09-1712-28I (No. 1712), Tillman mentions Landfair and Brown, but does not mention Watson.  (ECF No. 14-1, PageID.76).  Grievance No. 1712 was rejected at all three steps because it raised a non-grievable issue.  (ECF No. 14-1, PageID.73-75).  This grievance appears to have

10

been properly rejected and thus cannot serve to exhaust Tillman's claim against

Watson.  *See Bowling*, *supra*.  Again, Tillman offers no evidence or argument

suggesting that the grievance was improperly rejected.  Additionally, even if the

grievance were improperly rejected, it could not serve to exhaust against Watson

because he is not mentioned in the grievance at any step.  *See Mattox*, *supra*.

## IV.    MOTION TO SUBSTITUTE/ADD PARTIES

Tillman moves to add parties to the complaint.  (ECF No. 23).  More

specifically, he seeks to add MDOC Director Heidi Washington as a defendant,

along with Vital Core, the care provider for the MDOC.  The court construes this

motion as motion for leave to amend the complaint.  This motion, however, does

not comply with Local Rule 15.1, which requires that "[a]ny amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must ...

reproduce the entire pleading as amended, and may not incorporate any prior

pleading by reference."  For this reason, Tillman's motion is **DENIED** without

prejudice to his right to refile a proper motion for leave to amend the complaint,

with an accompanying proposed amended complaint that complies with Local

Rule 15.1.  The court takes this opportunity to caution plaintiff that any future

amended complaint must comply with certain Federal Rules of Civil Procedure

and Local Rules:

1.      The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

2.      The amended complaint must also comply with Federal Rule of Civil Procedure 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009) (quoting *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, (quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007)). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.* (quoting *Laurence*, 2007 WL 1875794 at *1).

3.      Federal Rule of Civil Procedure 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates clarity.

## V.      CONCLUSION

For the reasons set forth above, the court **GRANTS** Watson's motion for summary judgment based on Tillman's failure to exhaust his administrative remedies.  Based on this conclusion, the court need not decide the merits of the Rule 12(b)(6) motion.  The complaint against Watson is therefore, **DISMISSED** without prejudice.  Further, Tillman's motion to add/substitute parties is **DENIED** without prejudice.

**SO ORDERED**.

Date: August 25, 2025                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge