UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DEWAYNE TILLMAN,                        Case No. 24-12152

        Plaintiff,                                   F. Kay Behm
v.                                              U.S. District Judge

PETER WATSON, *et al.*,                         Anthony P. Patti
                                                U.S. Magistrate Judge

        Defendants.
_____ /

**ORDER STRIKING OBJECTIONS (ECF No. 43)**
**AND OVERRULING OBJECTIONS (ECF No. 45)**

## I.      PROCEDURAL HISTORY

Plaintiff filed objections (ECF No. 43) to an Opinion and Order issued by the undersigned District Judge granting Defendant Watson's motion for summary judgment and denying Plaintiff's motion for leave to amend the complaint without prejudice.  (ECF No. 38).  Plaintiff also filed objections (ECF No. 45) to the Magistrate Judge's Order denying Plaintiff's second motion for leave to file an amended complaint without prejudice.  (ECF No. 41).

For the reasons set forth below, the objections to ECF No. 38 are **STRICKEN** and the objections to ECF No. 41 are **OVERRULED**.

1

## II.    LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently.  *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City*

2

*of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III.   OBJECTIONS TO ECF No. 38

On August 25, 2025, this court entered an Opinion and Order granting Defendant Watson's motion for summary judgment and denying Plaintiff's motion for substitution, which was treated as a motion to amend the complaint.  (ECF No. 38).  Plaintiff filed objections to this Opinion and Order. (ECF No. 43).  As set forth in Fed. R. Civ. P. 72, a party may serve and file an objection to a decision of the Magistrate Judge.  However, the Opinion and Order to which Plaintiff has filed objections was issued by the undersigned District Judge and Plaintiff's purported objections to that decision are improper under Rule 72.  Accordingly, Plaintiff's objections (ECF No. 43) are **STRICKEN** as improperly filed.

### IV.   OBJECTIONS TO ECF No. 41

The Magistrate Judge issued an Order denying without prejudice Plaintiff's motion for leave to file an amended complaint.  (ECF No. 41).  The Order concluded that Plaintiff's motion should be denied because it failed to provide a proposed amended complaint for the court's review in accordance with Local Rule 15.1.  *Id*.  The Magistrate Judge explained that the denial was

without prejudice and that Plaintiff could refile his motion with an accompanying proposed amended complaint.  The Magistrate Judge further directed Plaintiff to follow this court's instructions regarding filing a motion for leave to amend the complaint found in ECF No. 38.  *Id*.

Plaintiff's objections to ECF No. 41 also contain objections to the court's Opinion and Order discussed above.  (ECF No. 45).  To the extent these objections address the Opinion and Order found at ECF No. 38, they are disregarded for the same reasons set forth above – they are improper objections to an Opinion and Order of the District Judge, not the Magistrate Judge.

Plaintiff objects to the Magistrate Judge's Order finding that his motion suffers from the same defects as found in the court's Opinion and Order. Plaintiff explains that he has filed several documents and requested a docket entry sheet that would provide him with the correct ECF number to allow him correctly identify the document in question.  (ECF No. 45).  It appears that Plaintiff is claiming that he did file a proposed amended complaint, but none can be found on the court's review of the docket in conjunction with either of his motions to amend the complaint at issue here.  Thus, this objection is **OVERRULED**.

Plaintiff also objects to the deadline of October 17, 2025 for filing his third motion for leave to amend the complaint and asks for an extension of time until October 30, 2025.  (ECF No. 45).  However, Plaintiff timely filed his motion for leave to amend the complaint, along with a proposed amended complaint, on October 15, 2025.  (ECF Nos. 46, 47).  Accordingly, the objection is **OVERRULED** as moot.

**SO ORDERED**.

Date: May 5, 2026                                      s/F. Kay Behm
                                                       F. Kay Behm
                                                       United States District Judge