UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE TILLMAN, | Case No.  24-12152 |
| Plaintiff, | F.  Kay Behm |
| v. | U.S.  District Judge |
| PETER WATSON, *et al*., | Anthony P.  Patti |
| Defendants. | U.S.  Magistrate Judge |

_____ /

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No.  46)

## I.   INTRODUCTION

Plaintiff Marcus Dewayne Tillman, a prisoner in the custody of Michigan

Department of Corrections (MDOC), filed an *in pro per* civil rights action under 42

U.S.C § 1983 against Defendants Peter Watson, Sirena[1] Landfair, and Carmen

McIntrye.  (ECF No. 1).  Defendant Watson filed a motion to dismiss or, in the

alternative, for summary judgment on November 12, 2024. (ECF No. 14.)  The

motion was stayed due to a related bankruptcy matter in the Southern District of

---

[1] There is confusion in the record as to Defendant Landfair's given name, since
Plaintiff named her as "Sabrine" (ECF No. 1); however, the Court notes that her
declaration is given in the name of Sirena Landfair, and so assumes that to be the
most accurate spelling. (ECF No. 55-4.)

1

Texas.  (*See* Text-Only Order, Aug. 6, 2025.).  After the bankruptcy stay had been lifted and the deadline for opting out of the bankruptcy plan had passed (*id.*), Judge Behm granted Defendant Watson's motion for summary judgment, finding that Plaintiff failed to exhaust his administrative remedies against Defendant Watson. (ECF No.  38).  In August 2025, Judge Behm referred all pretrial matters to me, including Plaintiff's first motion for leave to file an amended complaint. (ECF Nos. 31, 39.).  In Plaintiff's first motion for leave to amend, he sought to add Michelle Bray[2] as a defendant and to add a First Amendment claim.  (ECF No.  31).  I denied Plaintiff's first motion for leave "given the barebones and conclusory nature of the motion" (ECF No. 41, PageID.408).  Currently pending before the Court is Plaintiff's second motion for leave to amend his complaint (ECF No.  46).

## II.   <u>STANDARD</u>

Under Fed.  R.  Civ.  P.  15(a), a party may amend its pleadings at this stage of the proceedings only with leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R.  Civ.  P.  15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or

---

[2] In Plaintiff's first motion to leave to file an amended complaint, he referred to proposed Defendant Michelle Bray as "Medical Provider Bray" (ECF No. 31, PageID. 270) but as "Michelle Bray" in Plaintiff's second motion for leave to amend. (ECF No. 46, PageID. 449).

prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). An amendment is futile if it could not withstand a motion to dismiss. *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

## III.   <u>DISCUSSION</u>

### A. Proposed First Amendment Claim

Plaintiff seeks to add a new First Amendment claim and two additional parties, Peter Watson (previously dismissed) and Michelle Bray. (ECF No. 46). The proposed First Amendment claim in Plaintiff's second motion for leave to amend is identical to the claim for which leave was denied in the Court's ruling on Plaintiff's first motion for leave to amend. (ECF Nos. 31 and 46). Plaintiff has not cured the previously identified deficiency that the motion was "barebones and conclusory." (ECF No. 41, PageID.408). The proposed amended complaint (ECF No. 47) still does not describe the allegedly retaliatory acts, nor explain when or exactly how any of the Defendants violated Plaintiff's First Amendment rights. (ECF No. 47.). Although Plaintiff sprinkles in some First Amendment violation "buzz" words/phrases like "engaged protected conduct" and "[d]eters a person of ordinary firmness from engaging in Protected Conduct" (*id*., PageID.463, ¶¶ 67, 68, 70, 72 & 74), he still leaves the Court and Defendants guessing as to the who, what,

when, where, how and why of what allegedly happened.  The goal of the complaint is to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47(1957)).  These goals are not met in the proposed amended complaint.  Leave to amend to add this claim is therefore **DENIED**.

### B.  Claims Against Peter Watson

The proposed re-naming of Peter Watson as a defendant is futile. Judge Behm granted summary judgment in Watson's favor on August 25, 2025, finding that Plaintiff failed to exhaust administrative remedies against this defendant because his grievances did not identify Watson. (ECF No.  38).[3]

The instant motion for leave to amend (ECF No. 46) is a veiled attempt to revisit Judge Behm's order granting Defendant's motion for summary judgment (ECF No.  38).  The Court has already found that Plaintiff failed to exhaust his administrative remedies through the grievances process, and his present motion

---

[3] Plaintiff filed objections to Judge Behm's order granting summary judgement (ECF No. 43) and to the order denying his motion for leave to amend (ECF Nos. 45 & 43). The objection to the grant of summary judgment argued that there is an issue of material fact.  The Court struck that objection (ECF No. 43) because Fed. R. Civ. P. 72 does not permit objections to orders by a District Judge. (ECF No. 53, PageID.532).  Additionally, the Court overruled Plaintiff's objection to my order denying leave to amend (ECF No. 45) because, *inter alia*, the motion was not in accordance with Local Rule 15.1, which requires the movant to provide the proposed amended complaint for the Court's review.  (ECF No. 53, PageID.533.)

neither addresses nor ameliorates this predicament; however, even if he had addressed this in the pending motion, it would still be, at best, an impermissible objection to Judge Behm's prior ruling or an inexcusably tardy motion for reconsideration of her order granting summary judgment in Watson's favor, in any case without meeting the strict criteria required for reconsideration. *See* E.D. Mich. LR 7.1(h).  As previously found by the Court in this case, exhaustion of all available administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). (quoting *Pozo v. McCaughtry,* 286 F.3d, 1022, 1024 (7th Cir. 2002) (emphasis in original).  Inmates are required to identify all relevant defendants in their initial grievance to avoid wasteful federal litigation. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir.  2010).

Judge Behm granted the motion for summary judgment because Plaintiff did not properly name Watson in his grievance claim at Step I or Step II.  (ECF No. 38, PageID. 386-387).  Thus, Plaintiff failed to exhaust his administrative remedies.

### C. Futility

Furthermore, the second motion for leave to amend complaint must be denied on futility grounds, since it would not survive a motion to dismiss.  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (2011)

(… leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile) (internal quotes and citations omitted). Under § 1983, "each defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Plaintiff merely references "unreasonable Delay in treatment" and "the delay" without providing facts as to what treatment was delayed or who performed the unreasonably delayed treatment. (ECF No. 47, PageID. 459-460, ¶¶ 31, 33).

### D. Claims Against Michelle Bray

Plaintiff's second motion for leave to amend also seeks to add Michelle Bray as a party. (ECF No. 46, Page ID. 448.) Plaintiff's proposed allegations against Michelle Bray relate to treatment at a different correctional facility, located in the Western District of Michigan. (ECF No. 46, Page ID. 449.) (ECF No. 47, PageID. 454.). Venue is proper where a party is domiciled. (28 U.S.C. § 1391.) Plaintiff's proposed complaint does not allege that Ms. Bray is domiciled or resides in the Eastern District of Michigan; but rather, it merely refers to Ms. Bray's place of work in Muskegon, which lies outside of the Eastern District of Michigan. (ECF No. 46, Page ID. 449.) (ECF No. 47, PageID. 454.). Moreover, the alleged injuries were sustained in Muskegon, in the Western District of Michigan. (ECF No. 47, PageID. 461-462). Attempting to add Ms. Bray to this action appears to be an

attempt to circumvent the venue requirements of the Federal Rules, and the Court will deny the attempt on that basis.

Alternatively, even viewing the motion before this Court as a motion for permissive joinder, the claim against the additional party must "[arise] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  The proposed complaint against Ms. Bray does not arise out of the same transaction as the other listed Defendant, Carman McIntyre, because the existent complaint alleges a delay of care on or about December 28, 2023, (ECF No.  47, PageID.459) and the newly proposed claim against Ms. Bray relates to medical accommodations at a new correctional facility on or about March 12, 2025 (ECF No.  47, PageID.462).  Because these are distinct occurrences at different facilities, permissive joinder is not warranted.

Plaintiff's motion for leave to amend complaint (ECF No.  46) is therefore **DENIED WITHOUT PREJUDICE** as to filing a new claim against Michelle Bray in the Western District of Michigan, and **DENIED WITH PREJUDICE** as to Peter Watson and all other defendants.[4]

**IT IS SO ORDERED.**

---

[4] The attention of the parties is drawn to Fed.  R.  Civ.  P.  72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C.  § 636(b)(1).

Dated: July 9, 2026

Anthony P.  Patti
UNITED STATES MAGISTRATE JUDGE