UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE TILLMAN, | Case No. 24-12152 |
| Plaintiff, | F. Kay Behm |
| v. | U.S. District Judge |
| PETER WATSON, *et al.*, | Anthony P. Patti |
| | U.S. Magistrate Judge |
| Defendants. | |
| ___________________________ / | |

**OPINION AND ORDER REGARDING OBJECTIONS (ECF Nos. 61, 64)**

## I. PROCEDURAL HISTORY

This matter is referred to the Magistrate Judge for all pretrial proceedings. (ECF No. 7). Magistrate Judge Patti issued an order denying Plaintiff leave to amend his complaint. (ECF No. 57). Plaintiff filed objections to this Order. (ECF No. 61). Several of Plaintiff's initial objections pointed out that, in the version of the Order he received, large chunks of the Order are missing and thus, he did not have an appropriate opportunity to object to the Magistrate Judge's decision. Accordingly, the court gave Plaintiff additional time to file supplemental objections after he received a complete copy of the Magistrate Judge's Order. (ECF No. 63). Plaintiff filed supplemental objections on September 11, 2026. (ECF No. 64). For the reasons set forth

below, the court **OVERRULES** Plaintiff's objections and **AFFIRMS** the decision of the Magistrate Judge.

## II. STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream*

*Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

### A. ECF No. 61

*Objection No. 1*

Plaintiff objects to the fact that the court does not use a QR code so that correspondence that the court sends to prisoners in the custody of the MDOC will receive special handling. This objection appears wholly unrelated to the Magistrate Judge's decision on Plaintiff's motion for leave to amend the complaint. Accordingly, it is **OVERRULED**.

*Objection No. 2*

This objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

*Objection No. 3*

This objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the

order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

*Objection No. 4*

This objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

*Objection No. 5*

This first part of this objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

Plaintiff also objects to the Magistrate Judge's assertions that Plaintiff is trying to revisit the court's order granting summary judgment to the now dismissed Defendant Watson. Plaintiff says he is merely submitting his claim and outlining who did what, which in ¶¶ 27-34 outlines Peter Watson's actions. Judge Patti concluded that the proposed re-naming of Watson was futile because the court had granted summary judgment in Watson's favor based on a failure to exhaust administrative remedies. (ECF No. 57,

PageID.701 (citing ECF No. 38)). Plaintiff contends that Grievance No. JCF 2309 1684 12D1 identifies Watson and thus, his claim against Watson was exhausted. In its summary judgment decision, the court specifically addressed this grievance, which named Watson at Step I, but was properly rejected at Step III as untimely. (ECF No. 38, PageID.388). The court concluded that a grievance that is properly rejected as untimely does not exhaust the claims contained therein. *Id*. (citing *Bowling v. Wellpath Inc*., 2023 WL 6546665, at *7 (E.D. Mich. June 21, 2023)). Thus, the court agrees with the Magistrate Judge's conclusion that Plaintiff's claim against Watson is futile. The objection is, therefore, **OVERRULED**.

*Objection No. 6*

This objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

*Objection Nos. 7 and 8*

Plaintiff objects to the Magistrate Judge's venue argument to deny the addition of Michelle Bray, who works in the Western District of Michigan, to this lawsuit. Plaintiff says that the person who "initiated" Bray's actions

works in the Eastern District, Defendant Landfair. Plaintiff also asserts that the injuries sustained in the Western District were an extension of the injuries sustained in the Eastern District. Plaintiff further objects that if Defendant Landfair was the motivating reason for Bray to take away his medical accommodations, then his claim arises from the same transaction across an extended period of time.

The allegations in Plaintiff's operative complaint against Landfair arise from events occurring in 2022. (ECF No. 1, PageID.10). Plaintiff's proposed claims against Bray at a different facility arise from events occurring in 2025. (ECF No. 47, PageID.461). While Plaintiff's proposed amended complaint connects Landfair to the 2025 events with Bray, nothing connects the 2025 removal of Plaintiff's medical accommodations to the claims originally brought against Landfair or others in this lawsuit. The court agrees with the Magistrate Judge that the alleged events that gave rise to Plaintiff's claim against Bray, which occurred at a different prison in a different district, do not constitute the same transaction or occurrence, or series of transactions or occurrences as the events detailed in the controlling complaint. *See e.g.*, *Clark v. Parker*, No. 3:09-0281, 2009 WL 1917871, at *2 (M.D. Tenn. July 1, 2009). Further, the court has broad discretion in deciding whether to allow

permissive joinder. *T & W Forge, Inc. v. V & L Tool, Inc.*, No. 05-CV-1637, 2006 WL 8459886, at *2 (N.D. Ohio Jan. 30, 2006). This is especially true where such joinder would cause prejudice, expense, or delay. *Id.*; *see also* § 1652 Permissive Joinder of Parties under Rule 20(a)—Purpose and Scope, 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed.) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay."). The court finds that allowing new claims and a new defendant would unduly delay proceedings in this matter, as this case is already over two years old. Accordingly, the objections are **OVERRULED**.

*Objection No. 9*

This objection relates to the incomplete order originally sent to Plaintiff. This matter has been resolved by sending Plaintiff a complete version of the order and allowing him to file supplemental objections. Accordingly, it is **OVERRULED**.

B. ECF No. 64

*Objection No. 1*

Plaintiff objects to the fact that the court does not use a QR code so that correspondence that the court sends to prisoners in the custody of the

MDOC will receive special handling. This objection appears wholly unrelated to the Magistrate Judge's decision on Plaintiff's motion for leave to amend the complaint. Accordingly, it is **OVERRULED**.

*Objection No. 2*

Plaintiff objects that he has filed several motions and has not heard anything from the court. This objection appears wholly unrelated to the Magistrate Judge's decision on Plaintiff's motion for leave to amend the complaint. Accordingly, it is **OVERRULED**.

*Objection No. 3*

Plaintiff objects to the Magistrate Judge's conclusion that his retaliation claim was barebones and conclusory. Plaintiff says he outlined his retaliation claim in the proposed amended complaint and it is based on acts that took place after the initial filing. He does not point the court to anything specific in the proposed amended complaint in support of this assertion. He then directs the court to ¶¶ 27 through 39 of the proposed amended complaint, which outlines the conduct of Watson. However, the court has already determined that Plaintiff's claims against Watson are barred by his failure to exhaust. The court agrees that the proposed amended complaint does not describe the alleged retaliatory acts or explain how any of the Defendants

violated his First Amendment rights. Plaintiff's generic allegations that Defendants' "actions outlined in the complaint Deters a person of ordinary firmness from engaging in Protected Conduct and is adverse" are too vague and, as the Magistrate Judge concluded, fail to give the court and Defendants notice of the who, what, when, where, how and why of what allegedly happened. (ECF No. 47, ¶¶ 68, 70, 72, 74). Accordingly, the court **OVERRULES** Plaintiff's objection.

Plaintiff also objects to the Magistrate Judge's reasoning on page 4. On page 4 of his decision, the Magistrate Judge begins his discussion of why the claims against Watson are futile. The court has already addressed this issue above, and the objection is **OVERRULED**.

*Objection No. 4*

In this objection, Plaintiff again insists that the Magistrate Judge improperly concluded that the claims against Watson were futile. Plaintiff again argues that Grievance No. JCF 2309 1684 12D1 identifies Watson and thus, his claim against Watson was exhausted. As explained above and in the court's opinion and order granting summary judgment to Watson, while Watson was identified in Step I of this grievance, Step III was untimely and

thus, the grievance did not exhaust Plaintiff's claims against Watson. For this reason, the objection is **OVERRULED**.

*Objection No. 5*

In this objection, Plaintiff contends the Magistrate Judge's analysis in paragraph C is in error. The Magistrate Judge found Plaintiff's claim futile because "Plaintiff merely references 'unreasonable Delay in treatment' and 'the delay' without providing facts as to what treatment was delayed or who performed the unreasonably delayed treatment." (ECF No. 57, PageID.703, quoting ECF No. 47, PageID.459-460, ¶¶ 31, 33). Plaintiff says he outlines his serious medical needs in the proposed amended complaint and what treatment was denied and points to his medical records as evidence of the scheme to delay treatment. Plaintiff's medical records are not before the court and in any event, Plaintiff must sufficiently state a claim within the four corners of his proposed amended complaint. In the proposed amended complaint, Plaintiff outlines the course of his treatment and then alleges that it was delayed. The Magistrate Judge correctly points out that he fails to connect the dots as to what treatment was delayed and who acted to delay it. Where a plaintiff "does not say when any particular Defendant became aware of his need for medical care or how they consciously disregarded a threat to

his health" such "generalized and conclusory allegations ... are insufficient to state a claim." *Coates v. Cluney*, No. CV 23-00122 JMS-WRP, 2023 WL 5580434, at *4 (D. Haw. Aug. 29, 2023). Similarly, to the extent Plaintiff contends that Defendants delayed treatment, he must specifically say who did so and how. The proposed amended complaint does not do so. Accordingly, the objection is **OVERRULED**.

*Objection No. 6 and 7*

In these objections, Plaintiff again finds fault with the Magistrate Judge's conclusion that claims against Michelle Bray should not be joined in this suit. Plaintiff points to his allegation that Bray canceled his medical accommodations at the direction of Landfair. Plaintiff contends that denial of the amendment leaves him without the ability to hold those who violated MDOC policy accountable. First, Plaintiff may always bring a new lawsuit against Bray in the Western District of Michigan. Thus, he is not denied the ability to hold her accountable. Second, the court agrees with the Magistrate Judge that the alleged events that gave rise to Plaintiff's claim against Bray, which occurred at a different prison in a different district, do not constitute the same transaction or occurrence, or series of transactions or occurrences as the events detailed in the controlling complaint. Further, as explained

above, allowing the addition of new claims and a new party would unduly delay this already aging case. Thus, joinder is not proper and the objections are **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's decision is **AFFIRMED**.

**SO ORDERED.**

Date: November 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge